UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LUIS MANUEL ALVARADO-RIVERA,   )
                               )
       Plaintiff,              )
                               )
v.                             )   Civil Action No.
                               )
U.S. DEPARTMENT OF JUSTICE,    )   05 1071
                               )
       Defendant.              )

## ORDER

This matter is before the Court upon initial consideration of the Petition for Writ of Mandamus. Mandamus is a drastic remedy to be invoked only in extraordinary situations. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n. 2 (1988). It is granted only when essential to the interests of justice. Starnes v. McGuire, 512 F.2d 918, 929 (D.C. Cir. 1974). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997). The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'" Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (citing Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)). Plaintiff does not meet his burden.

In this action, plaintiff demands the release of records maintained by the Federal Bureau of Prisons. An adequate remedy for a request of this nature exists pursuant to the Freedom of Information Act. See 5 U.S.C. § 552(a)(4)(B). The Court will deny the



petition for a writ of mandamus, and construe this action as a civil action pursuant to the Freedom of Information Act. Because the FOIA applies only to agencies within the executive branch of the federal government, see 5 U.S.C. § 552(f)(1), the Court will dismiss Harley Lappin as a party defendant to this action. See Stone v. FBI, 816 F. Supp. 782, 785 (D.D.C. 1993); Whittle v. Moscella, 756 F. Supp. 589, 596 (D.D.C. 1991).

The Court will issue a separate Order regarding plaintiff's application to proceed in forma pauperis.

Accordingly, it is hereby

ORDERED that the petition for a writ of mandamus is DENIED, and it is

FURTHER ORDERED that this action shall proceed as a civil action pursuant to the Freedom of Information Act, and it is

FURTHER ORDERED that Harley Lappin is DISMISSED as a party defendant, and it is

FURTHER ORDERED that a copy of this Order shall be served on defendant with a copy of the summons and complaint.

SO ORDERED.

DATE: 5/6/05

_____
United States District Judge